**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5288**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IBN MUHAMMED SCOTT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort.   Sol Blatt, Jr., Senior District Judge.  (9:08-cr-00583-SB-5)

Submitted:  November 30, 2011        Decided:  December 8, 2011

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Charles T. Brooks III, THE BROOKS LAW OFFICES, LLC, Sumter, South Carolina, for Appellant.   Alston Calhoun Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ibn Muhammed Scott pled guilty to possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West Supp. 2011). He received a 150-month sentence. Counsel for Scott has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether Scott's guilty plea was knowing and voluntary. Scott has filed a pro se supplemental brief raising numerous issues. The Government has declined to file a response. For the reasons that follow, we affirm Scott's conviction and sentence, and remand to the district court.

Because Scott did not move to withdraw his guilty plea in the district court, the colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524–27 (4th Cir. 2002). Prior to accepting a defendant's guilty plea, a district court must address the defendant in open court and ensure he understands, among other things, the nature of the charge against him, the possible punishment he faces, and the rights he relinquishes by pleading guilty. Fed. R. Crim. P. 11(b)(1). The court must also ensure that a sufficient factual basis exists to support the plea, Fed. R. Crim. P. 11(b)(3), and that the plea is knowing and voluntary, Fed. R. Crim. P. 11(b)(2).

2

Our review of the plea hearing transcript reveals no plain error in the colloquy conducted by the district court.

In accordance with <u>Anders</u>, we have reviewed the record in this case as well as the issues Scott raises in his pro se supplemental brief and have found no meritorious issues for appeal. However, the judgment in this case reflects that Scott pled guilty to Count Eleven of the superseding indictment, charging him with possession with intent to distribute and distribution of cocaine base. Scott, in fact, pled guilty to possession with intent to distribute and distribution of cocaine. Accordingly, we affirm Scott's conviction and sentence, but remand so that the written judgment can be corrected to reflect the offense to which Scott pled guilty-- possession with intent to distribute and distribution of cocaine.[*] This court requires that counsel inform Scott, in writing, of the right to petition the Supreme Court of the United States for further review. If Scott requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

---

[*] Because both are offenses under 21 U.S.C.A. § 841(a)(1), and carry the same penalties, 21 U.S.C.A. § 841(b)(1)(C), the clerical error in the judgment did not affect Scott's sentence or otherwise prejudice him.

3

state that a copy thereof was served on Scott.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED